# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-96V
**Filed: March 31, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * <br> GERALDINE S. MADEY, personal <br> representative of ROBERT THOMAS <br> MADEY, deceased, <br>                Petitioner, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>                Respondent. <br> * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Dorsey <br><br> Joint Stipulation on Damages; <br> Influenza (Flu) Vaccine; Guillain- <br> Barré Syndrome (GBS) |

Peter Joseph Sarda, Creech Law Firm, Raleigh, NC, for petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

     On February 5, 2013, Geraldine S. Madey ("petitioner"), on behalf of her deceased husband, Robert Thomas Madey, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). The petition alleges that Robert developed Guillain-Barré Syndrome ("GBS"), which was caused by an influenza ("flu") vaccination that he received on September 8, 2010, and which was a "direct and proximate" cause of his death on February 7, 2011. *See* Petition at 1-2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 31, 2014, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the influenza vaccine caused MR. Madey's alleged injury and death, or any other injury or condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $45,000.00, in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey<br/>
Nora Beth Dorsey<br/>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

GERALDINE S. MADEY, personal )
representative of ROBERT THOMAS )
MADEY, deceased, )
                                        ) No. 13-96V
        Petitioner,          ) Special Master Dorsey
v.                                ) ECF
                                        )
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
        Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Geraldine S. Madey ("petitioner"), as legal representative of the estate of her deceased husband, Robert Thomas Madey ("Mr. Madey"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for Mr. Madey's death following receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2. Mr. Madey received an influenza vaccine on September 8, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Madey subsequently developed Guillain-Barré Syndrome ("GBS"), and later died as a result of his GBS. Petitioner alleges that Mr. Madey's GBS and death were caused-in-fact by his receipt of the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Mr. Madey's alleged vaccine-related injury or death.

6. Respondent denies that the influenza vaccine caused Mr. Madey's alleged injury and death, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $45,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as executor of Mr. Madey's estate under the laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as executor of

2

Mr. Madey's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as executor of the estate of Robert Thomas Madey at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as executor of the estate of Robert Thomas Madey upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the estate of Mr. Madey, and on behalf of the estate's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, Mr. Madey resulting from, or alleged to have resulted from, the influenza vaccine administered on September 8, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about February 5, 2013, in the United States Court of Federal Claims as petition No. 13-96V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that Mr. Madey's alleged injury and death, or any other injury or condition, were caused-in-fact by the influenza vaccine.

16. All rights and obligations of petitioners hereunder shall apply equally to petitioner's heirs, successors and/or assigns, as legal representatives of the estate of Mr. Madey.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

*/s/ Geraldine S. Madey*
GERALDINE S. MADEY

ATTORNEY OF RECORD FOR
PETITIONER:

*/s/ Peter J. Sarda*
PETER J. SARDA
Creech Law Firm
3130 Fairhill Drive
Suite 108
Raleigh, NC 27612
(919) 787-7766

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*/s/ Vito Caserta, MD, MPH*
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
   Injury Compensation (DVIC)
Director, Countermeasures Injury
   Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
   and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-1589

Dated: 3-31-2014

5